UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| POR MOUA, | Case No. 14-CV-3158 (JRT/SER) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA and RAMSEY COUNTY, | |
| Respondents. | |

---

This case is before the undersigned United States Magistrate Judge on Petitioner Por Moua's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Moua's habeas petition be dismissed summarily for lack of jurisdiction, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

I.  BACKGROUND

Moua is an inmate currently incarcerated at the Minnesota Correctional Facility in Moose Lake, Minnesota. A jury found Moua guilty of first-degree assault, third-degree assault, and felony domestic assault in 2010, and Moua was sentenced to a 175-month term of imprisonment as a result of that conviction. *See State v. Moua*, No. A11-944, 2012 WL 2505744, at *1

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

(Minn. Ct. App. July 2, 2012). The Minnesota Court of Appeals affirmed that conviction and sentence, and the Minnesota Supreme Court denied review. *Id*.

Moua then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising innumerable issues relating to his conviction and sentence, including claims of ineffective assistance of counsel, prosecutorial misconduct, and speedy-trial violations. *See Moua v. State of Minnesota*, No. 13-CV-1470 (D. Minn. filed June 17, 2013). In a Report and Recommendation dated December 12, 2013, the undersigned recommended that Moua's petition be denied, as each of the claims raised by Moua had been defaulted procedurally. Moua objected to the Report and Recommendation; that objection was overruled, the Report and Recommendation was adopted by Judge John R. Tunheim, and Moua's habeas petition was denied. *See id.*, 2014 WL 1116882, at *1-5 (D. Minn. Mar. 20, 2014).

On August 14, 2014, Moua filed a second petition for a writ of habeas corpus under 28 U.S.C. § 2254. The bulk of Moua's petition again concerns itself with the allegedly ineffective assistance he received during the 2010 trial at which he was convicted of first-degree assault. Moua also argues, for the first time, that his conviction violates the Double Jeopardy Clause of the Fifth Amendment.

## II.  ANALYSIS

Under 28 U.S.C. § 2244(b), a federal district court cannot entertain a second or successive application for habeas corpus relief filed by a state detainee unless that detainee has first obtained authorization from the appropriate court of appeals allowing him to file another petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Crawford v. Minnesota*, 698 F.3d 1086, 1088 (8th Cir. 2012) ("If a petition is second or successive, the court of appeals has a gatekeeping function to decide whether to grant preauthorization for it to be considered.").

The petition now before this Court is Moua's second application for federal habeas corpus review of his 2010 conviction. Because Moua's previous challenge to that order was dismissed due to the procedural default of those claims, this Court finds that the present action must be viewed as a "second or successive petition" under § 2244(b). *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("[T]he dismissal of a first petition with prejudice because of a procedural default (and a failure to show cause and prejudice) forecloses the possibility that the underlying claims will be addressed by a federal court. Such a dismissal therefore constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)." (citation omitted)). That means the present petition cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals. *See Burton v. Stewart*, 549 U.S. 147, 153, (2007) (noting that where habeas petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court . . . he was required to receive authorization from the Court of Appeals before filing his second challenge" in a second habeas petition). Because Moua has not secured a pre-authorization order from the Eighth Circuit, his current petition must be dismissed summarily for lack of jurisdiction. *See, e.g.*, *Tompkins v. Secretary, Dep't of Corr.*, 557 F.3d 1257, 1259 (11th Cir. 2009) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it.").

In sum, this Court cannot entertain another federal habeas corpus petition challenging Moua's conviction unless he first seeks and obtains a pre-authorization order from the Eighth Circuit Court of Appeals. Accordingly, this case must be dismissed summarily for lack of jurisdiction. To obtain a pre-authorization order for his current claims for relief, Moua will have

to persuade the Eighth Circuit that his claims satisfy the standard contained in 28 U.S.C. § 2244(b)(2).[2] If he can meet that requirement, and if the Eighth Circuit grants him a pre-authorization order, then Moua can file a new habeas corpus petition in this District.

The Court will recommend that this action be dismissed without prejudice, so that Moua can resubmit his habeas claims in a new action if he is able to secure a pre-authorization order from the Court of Appeals as required by § 2244(b)(3)(A).[3] Moua is advised, however, that this Court will not entertain any future habeas petition pertaining to his conviction unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals, as required by § 2244(b).

Finally, having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will also recommend that Moua's pending application to proceed *in forma pauperis* be denied. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam) (finding that an IFP application should be denied where a habeas petition cannot be entertained).

---

[2]Because he has already raised his claims of ineffective assistance of counsel in the prior habeas petition, it is doubtful that Moua will be able to show that he should be permitted to bring these claims in a second or successive petition. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). In addition, it appears that Moua's double-jeopardy claim — like the claims raised in his first petition — has been procedurally defaulted.

[3]There is some case law suggesting that an action barred by § 2244(b)(3) can be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed. *See e.g.*, *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). This Court recommends that this approach not be followed here. The Eighth Circuit will not authorize the filing of another habeas petition unless Moua can meet the standard set forth in § 2244(b)(2). Because Moua has not attempted to meet that standard in his present submissions, it would be preferable to dismiss the present action without prejudice and require Moua to file a separate motion for pre-authorization directly with the Eighth Circuit, as contemplated at § 2244(b)(3). This will allow Moua an opportunity to explain to the Eighth Circuit why he believes he meets the requirements of § 2244(b)(2).

### III.  CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  It is certain that no other court, including the Eighth Circuit Court of Appeals, would decide that Moua's current habeas petition should be adjudicated on the merits in the present action.  It is therefore recommended that Moua not be granted a COA in this matter.

### RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Petitioner Por Moua's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1] be DENIED.

2. Moua's application for leave to proceed *in forma pauperis* [ECF No. 3] be DENIED.

3. This action be SUMMARILY DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

4. Moua not be granted a certificate of appealability.

Dated:  August 26, 2014                              *s/Steven E Rau*
                                                     Steven E. Rau
                                                     U.S. Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by September 10, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.